Diana CALDERON, Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

Nos. 03–70282, 05–76068.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 21, 2007.

Martin Resendez Guajardo, Esq., Martin
Roy Robles, Esq., Law Office of Martin
Resendez Guajardo, P.C., San Francisco,
CA, for Petitioner.

---

* The panel unanimously finds this case suitable
  for decision without oral argument. See Fed.
  R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TROTT, W. FLETCHER, and CALLAHAN, Circuit Judges.

## MEMORANDUM [**]

Diana Calderon, a native and citizen of Mexico, seeks review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's order denying her application for asylum and withholding. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review for substantial evidence, *see Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). We deny the petition for review in No. 03–70282 and dismiss the petition for review in No. 05–76068.

Substantial evidence supports the BIA's conclusion that Calderon did not demonstrate a well-founded fear of future persecution. The record does not compel the conclusion that she or her family has been, or is likely to be, targeted for persecution. *See Singh*, 134 F.3d at 970.

Because Calderon did not meet her burden to demonstrate eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 971.

Petitioner raises no contentions regarding the BIA's denial of her motion to re-open and requests that we dismiss petition 05–76068. We accordingly dismiss that petition for review.

**PETITION FOR REVIEW DENIED in No. 03–70282 and DISMISSED in No. 05–76068.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

